## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Soner Deran, on behalf of himself and all other persons similarly situated,<br><br>Plaintiff,<br><br>- vs. –<br><br>Antalia Turkish Cuisine LLC, AntaliaNYC, Inc., and Serhat Cetinkaya,<br><br>Defendants. | DOCKET NO. 19-cv-6833<br><br>**COMPLAINT** |

Plaintiff Soner Deran, by and through his undersigned attorneys, for his complaint against defendants Antalia Turkish Cuisine LLC, AntaliaNYC, Inc., and Serhat Cetinkaya, alleges as follows, on behalf of himself and on behalf of all other persons similarly situated:

### NATURE OF THE ACTION

1.    Plaintiff Soner Deran alleges on behalf of himself and on behalf of other similarly situated current and former employees of defendants Antalia Turkish Cuisine LLC,

AntaliaNYC, Inc., and Serhat Cetinkaya, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.    Mr. Deran further complains that he is entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) liquidated damages pursuant to New York Labor Law for these violations; and (v) statutory damages for defendants' violation of the Wage Theft Prevention Act.

**THE PARTIES**

3.    Plaintiff Soner Deran is an adult individual residing in New York, New York.

4.  Mr. Deran consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto and incorporated by reference.

5.  Upon information and belief, defendant Antalia Turkish Cuisine LLC is a New York corporation with a principal place of business at 17 West 45th Street, New York, New York.

6.  At relevant times, defendant Antalia Turkish Cuisine LLC has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

7.  Upon information and belief, defendant AntaliaNYC Inc. is a New York corporation with a principal place of business at 17 West 45th Street, New York, New York.

8.  At relevant times, defendant AntaliaNYC Inc. has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

9.  Upon information and belief, defendant AntaliaNYC Inc. is a successor corporation to Antalia Turkish Cuisine LLC.

10. Upon information and belief, there was a substantial continuity of ownership, workforce, assets, and business between Antalia Turkish Cuisine LLC and AntaliaNYC Inc.

11.  Upon information and belief, at relevant times, defendants Antalia Turkish Cuisine LLC and AntaliaNYC Inc. (collectively, the "Antalia Defendants") have jointly operated the restaurant doing business as Antalia Restaurant, and have constituted a single "enterprise" as defined in the FLSA.

12.  Upon information and belief, at all relevant times, the Antalia Defendants have had gross revenues in excess of $500,000.00, individually and collectively.

13.  Upon information and belief, at all relevant times herein, the Antalia Defendants have used goods and materials produced in interstate commerce, and have employed at least two individuals who handled such goods and materials.

14.  Upon information and belief, defendant Serhat Cetinkaya is an owner or part owner and principal of the Antalia Defendants, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

15.  Defendant Serhat Cetinkaya was involved in the day-to-day operations of the Antalia Defendants and played an active role in managing the business.

16.  For example, defendant Serhat Cetinkaya interviewed Mr. Deran, hired him, set his schedule and pay, and supervised him.

17.   Defendants constituted "employers" of Mr. Deran as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

18.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Deran's state law claims pursuant to 28 U.S.C. § 1367.   In addition, the Court has jurisdiction over Mr. Deran's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

19.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

20.   Pursuant to 29 U.S.C. § 206 and § 207, Mr. Deran seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since July 19, 2016, to the entry of judgment in this case (the "Collective Action Period"), who were restaurant employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

21.  The Collective Action Members are similarly situated to Mr. Deran in that they were employed by defendants as non-exempt restaurant employees, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

22.  They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

23.  Mr. Deran and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

24.  The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

25.  At all relevant times herein, defendants owned and operated a Turkish restaurant in New York under the name Antalia.

26.  Mr. Deran was employed at Antalia on two separate occasions, from approximately July 2016 through October 2017, and then again from September 2018 through May 2019.

27.  Mr. Deran was employed as a waiter.

28.  Mr. Deran's work was performed in the normal course of defendants' business and was integrated into the business

of defendants, and did not involve executive or administrative responsibilities.

29. At all relevant times herein, Mr. Deran was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

30. Mr. Deran's schedule varied from week to week. At the outset of his employment, he generally worked about four shifts per week, but after a month or so, he began working eight to ten shifts per week, and continued to work this schedule until his first stint of employment with the company ended.

31. In his second stint with the company, he generally worked an average of about eight shifts per week.

32. Shifts varied in length; lunch shifts were about five hours in length, while dinner shifts were at least seven hours in length, but could be longer because Mr. Deran could not leave until the restaurant's customers had left.

33. As a result, Mr. Deran worked as few as 30 hours in some weeks but as many as 60 in other weeks.

34. Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

35. Mr. Deran was not paid based on the hours he worked.

36. Rather, he was paid only shift pay — $10 for each shift worked in a week.

37. Mr. Deran was paid at this same $10 per shift rate regardless of the number of hours he worked in a shift, day, or week.

38. As a result, Mr. Deran's effective rate of pay was always below the statutory federal and state minimum wages in effect at relevant times.

39. In addition to his pay, Mr. Deran generally received tips for his work, as part of a tip pool with the other employees.

40. However, defendants never provided Mr. Deran with any notices or information regarding the "tip credit."

41. Upon information and belief, defendants did not keep records of all of the tips received by Mr. Deran.

42. Defendants' failure to pay Mr. Deran an amount at least equal to the federal or New York state minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

43. Mr. Deran was paid in cash throughout his employment, and he received no paystubs or wage statements of any sort with his pay.

44. In addition, defendants failed to pay Mr. Deran any overtime "bonus" for hours worked beyond 40 hours in a

workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

45. Defendants' failure to pay Mr. Deran the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

46. Mr. Deran occasionally worked double shifts — i.e., a lunch and dinner shift on the same day — that resulted in his working in excess of ten hours from start to finish in a day, and yet defendants willfully failed to pay him one additional hour's pay at the minimum wage for each such day, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

47. Defendants retained 10% of the tip pool each day, ostensibly for credit card processing fees.

48. Upon information and belief, the actual fees charged by the credit card processors were less than 10%.

49. Defendants failed to provide Mr. Deran with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, his regular and overtime rates, and intended allowances claimed – and failed to obtain his signature acknowledging the same, upon his hiring or at any

time thereafter, in violation of the Wage Theft Prevention Act.

50.   Defendants failed to provide Mr. Deran with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

51.   Upon information and belief, throughout the period of Mr. Deran's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like Mr. Deran (the Collective Action Members) in positions at defendants' restaurant that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

52.   Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

53.   Upon information and belief, defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

54.   Upon information and belief, these other individuals have worked in excess of forty hours per week,

yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

55. Upon information and belief, these other individuals were not paid a "spread of hours" premium on days when they worked shifts lasting in excess of ten hours from start to finish.

56. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

57. Defendants' policy of paying Mr. Deran and these other individuals on a shift basis rather than on an hourly basis violated 12 N.Y.C.R.R. § 146-2.5.

58. Upon information and belief, while defendants employed Mr. Deran and the Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

59. Upon information and belief, while defendants employed Mr. Deran and the Collective Action members, and through all relevant time periods, defendants failed to post or keep posted a notice explaining the minimum wage and

overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act – Minimum Wage)

60.  Mr. Deran, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

61.  At all relevant times, defendants employed Mr. Deran and the Collective Action Members within the meaning of the FLSA.

62.  Defendants failed to pay a salary greater than the minimum wage to Mr. Deran and the Collective Action Members for all hours worked.

63.  As a result of defendants' willful failure to compensate Mr. Deran and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

64.  The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

65.   Due to defendants' FLSA violations, Mr. Deran and the Collective Action Members are entitled to recover from defendants their unpaid compensation plus liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law – Minimum Wage)

66.   Mr. Deran repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

67.   At all relevant times, Mr. Deran was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

68.   Defendants willfully violated Mr. Deran's rights by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

69.   Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

70.   Due to defendants' New York Labor Law violations, Mr. Deran is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable

attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## **COUNT III**

### **(Fair Labor Standards Act - Overtime)**

71.  Mr. Deran, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

72.  At all relevant times, defendants employed Mr. Deran and each of the Collective Action Members within the meaning of the FLSA.

73.  At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

74.  As a result of defendants' willful failure to compensate their employees, including Mr. Deran and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

75.  The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C.

§ 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

76.  Due to defendants' FLSA violations, Mr. Deran and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

<u>**COUNT IV**</u>

**(New York Labor Law - Overtime)**

77.  Mr. Deran repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

78.  At all relevant times, Mr. Deran was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

79.  Defendants willfully violated Mr. Deran's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

80.  Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

81.   Due to defendants' New York Labor Law violations, Mr. Deran is entitled to recover from defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Spread of Hours)

82.   Mr. Deran repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

83.   At all relevant times, Mr. Deran was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

84.   Defendants willfully violated Mr. Deran's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked shifts lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 *et seq*. and its regulations in 12 N.Y.C.R.R. § 146-1.6.

85.   Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

86.   Due to defendants' New York Labor Law violations, Mr. Deran is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT VI**

**(New York Labor Law — Illegal tip retention)**

87.   Mr. Deran repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

88.   At all relevant times, Mr. Deran was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

89.   Defendants violated Mr. Deran's rights by illegally retaining a portion of his tips, in violation of New York Labor Law § 196-d.

90.   Defendants' illegal retention of Mr. Deran's tips was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

91.   Due to defendants' New York Labor Law violations, Mr. Deran is entitled to recover from defendants his unlawfully retained tips, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## COUNT VII

### (New York Labor Law – Wage Theft Prevention Act)

92.   Mr. Deran repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

93.   At all relevant times, Mr. Deran was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

94.   Defendants willfully violated Mr. Deran's rights by failing to provide him with the wage notice required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

95.   Defendants willfully violated Mr. Deran's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

96.   Due to defendants' New York Labor Law violations relating to the failure to provide paystubs, Mr. Deran is entitled to recover from the defendants statutory damages of $250 per day throughout his employment, up to the maximum statutory damages.

97.   Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Deran is entitled to recover from the defendants statutory damages of

$50 per day throughout his employment, up to the maximum statutory damages.

### **PRAYER FOR RELIEF**

WHEREFORE, Mr. Deran respectfully requests that this Court grant the following relief:

a.   Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Mr. Deran and his counsel to represent the Collective Action members;

b.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.   An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from

engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

f. An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

g. Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

h. Compensation for monies retained from tips, in violation of New York Labor Law;

i. Liquidated damages for defendants' New York Labor Law violations;

j. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

k. Back pay;

l.  Punitive damages;

m.  An award of prejudgment and postjudgment interest;

n.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

o.  Such other, further, and different relief as this Court deems just and proper.

Dated:  July 19, 2019

_____
David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
Attorneys for Plaintiff,
*Individually and on behalf of an
FLSA collective action*

# EXHIBIT A

**CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Antalia Restaurant and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

_____
        Soner Deran


Date:  July 15, 2019