# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is made this ___ day of May, 2020, between Soner Deran ("Plaintiff") and Antalia Turkish Cuisine LLC, AntaliaNYC, Inc., and Serhat Cetinkaya (collectively, "Defendants") (collectively Plaintiff and Defendants are referred to as the "Parties").

**WHEREAS** Plaintiff alleged that that he was employed by Defendants; and

**WHEREAS** Plaintiff Soner Deran, through his counsel, Samuel & Stein, has filed an action in the United States District Court, Southern District of New York ("the Court"), under Docket No. 19-cv-6833 (the "Action") alleging, *inter alia*, violations by defendants of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., as well as violations under the New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq*., and Article 19, §§ 650 *et seq*.;

**WHEREAS** Defendants deny all of the material allegations asserted by Plaintiff in his Complaint and have denied and continue to deny that they have violated any law, rule or regulation or committed any wrong whatsoever against Plaintiff;

**WHEREAS** the Parties have exchanged information related to the claims in this Action, such that they have adequate information to assess the appropriateness of this Agreement; and

**WHEREAS** the Parties desire to resolve and settle the Action in an amicable manner without the expense of further litigation;

**NOW, THEREFORE,** with the intent to be legally bound hereby, and in consideration of the mutual covenants and promises herein contained and for other good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows, subject to Court approval pursuant to applicable provisions of federal, state and/or local law:

1. **Settlement Payment and Other Consideration**

   a. In full and final settlement of the Action, , and in consideration for the release contained in Paragraph 2 of this Agreement, Defendants, jointly and severally, shall make a total payment of $50,000 (the "Settlement Sum"), in installments as set forth in paragraphs 1(b) – 1(g) below.

   b. The amount payable to Plaintiff and to Plaintiff's Counsel shall be as set forth in the Rider attached to this Settlement Agreement, which is incorporated by reference into this Settlement Agreement.

   c. Payment shall be issued to "Samuel & Stein, as Attorneys for plaintiff." Plaintiff's counsel shall be responsible for disbursing this money according to the terms of this Agreement, upon receipt of each installment of the Settlement Sum from Defendants.

1

d. Payment due under this Agreement shall be made in eight installments. The first installment, of $15,000, shall be made so that it is <u>received</u> on or before 45 days following Court Approval of the Settlement. The subsequent seven installments, of $5,000 each, shall be made so that they are each <u>received</u> within one month after the due date of the prior installment.

e. The payments specified above shall be delivered to Samuel & Stein at the address specified in Paragraph 15, or shall be wired to the Samuel & Stein attorney trust account.

f. All monies due and payable under this Settlement Agreement shall be paid in the form of guaranteed, certified funds (e.g., certified check, cashier's check, or money order), wire transfer, or attorney trust account check. In the event that any payment issued by Defendants pursuant to this Paragraph is nevertheless returned as uncollectable or because of insufficient funds, Defendants shall reimburse Plaintiff and/or Plaintiff's counsel for any bank fees incurred as a result of the returned check(s).

g. Except as provided otherwise herein, each Party shall bear that Party's own costs and fees.

h. Plaintiff and Plaintiff's counsel shall be individually responsible for payment of all taxes due from Plaintiff and Plaintiff's counsel for payments received by Plaintiff and Plaintiff's counsel respectively pursuant to this Agreement. Plaintiff and Plaintiff's counsel agree to indemnify and hold harmless Defendants for any tax liabilities determined to be the responsibility of Plaintiff or Plaintiff's counsel, respectively, for payments received pursuant to this Agreement.

2. **<u>Release. Mutual</u>**

a. In consideration for the payment and benefits provided for in Paragraph 1 of this Agreement, Plaintiff and his successors, assigns, heirs, executors, agents, administrators and any legal and personal representatives, and each of them hereby releases, remises, acquits and forever discharges Defendants and their successors, assigns, parents, subsidiaries, affiliates, officers, trustees, directors, shareholders, partners, employees, agents, heirs, administrators, executors, and attorneys (the "Releasees") from any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, of every kind and nature whatsoever, and by whomever asserted, whether at this time known or suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, relating to any and all claims regarding alleged unpaid or improperly paid wages, including claims of (a) violations of the minimum wage or overtime provisions of the Fair Labor Standards Act; (b) violations of the

2

minimum wage and overtime provisions of the New York Labor Law; (c) Defendants' alleged failure to pay any wages owed to plaintiff; (d) the "spread of hours" provisions of the New York Labor Law and applicable Wage Orders; (e) the wage notice and wage statement provisions of the New York Wage Theft Prevention Act; and/or (f) any and all claims for violation of any written or unwritten contract, agreement, understanding, policy, benefit, retirement or pension plan, severance plan, or covenant of any kind, or failure to pay wages, bonuses, employee benefits, other compensation, attorneys' fees, damages, or any other remuneration; or any and all claims for improper deductions, gratuities, tip credits, tip allowances, service charges and retained gratuities.

b.  This release shall not affect or limit: (a) Plaintiff's right to enforce the terms of this Agreement; (b) any other claims that, under controlling law, may not be released by private settlement; and/or (c) any claims by Plaintiff against any person or entity other than the Releasees.

c.  Defendants and their successors and assigns will release, remise, acquit and forever discharge Plaintiff from any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, of every kind and nature whatsoever, and by whomever asserted, whether at this time known or suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, arising out of or in any way connected with Plaintiff's relationship with any of the Defendants, the termination of that relationship, or any other transaction, occurrence, act or omission, or any loss, damage or injury whatsoever, known or unknown, suspected or unsuspected, resulting from any act or omission Plaintiff committed or omitted prior to the date of this Agreement and Release.

d.  The Parties acknowledge that by entering into this Agreement, they are agreeing to waive any and all appeals that they may have or will have with respect to this Action.

3.  **Stipulation of Dismissal**

Following the execution of this Agreement by each of the Parties, the Parties agree that their counsel will present this Agreement, along with the Proposed Order of Dismissal with Prejudice (the "Order") attached hereto as Exhibit A, to the Court for review and approval. Counsel for Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement and entry of the attached Order. The terms of the Agreement will become effective on the date the Court provides notice to the Parties (via ECF notification or other means) of the Court's approval and execution of the Order (the "Effective Date").

4. **Non-Admission**

The Parties agree that this Agreement is not and shall not be construed as an admission by any Party of any liability or misconduct, or a violation by Plaintiff of any of Defendants' policies or procedures, or of any federal, state or local statute, regulation or ordinance. Nor shall anything in this Settlement Agreement be construed as an admission of the absence of liability of any Party. Moreover, neither this Agreement nor anything contained in it shall be construed to be or shall be admissible in any proceeding as evidence of any admission by Defendants of any violation of any policies or procedures or of any federal, state or local statute, regulation or ordinance. This Agreement may be introduced, however, in any proceeding to enforce the Agreement.

5. **Successors and Assigns**

Upon the merger or consolidation of either of the corporate Defendants into or with another entity, or upon the sale of all or substantially all the assets, business, and goodwill of either of the corporate Defendants, this Agreement and Release shall bind and inure to the benefit of both the corporate Defendant and the acquiring, succeeding, or surviving entities, as the case may be.

6. **Applicable Law; Forum Selection**

This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York without reference to its conflicts of laws principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern. The Parties consent to the sole jurisdiction of the United States District Court for the Southern District of New York for any litigation arising out of the terms of this Agreement or the Parties' performance thereunder; in the event that this court lacks or declines jurisdiction over any such litigation, the Parties consent to the sole jurisdiction of the courts of the state of New York having jurisdiction over New York County.

7. **Execution in Counterparts; Facsimile signatures; Force and effect**

This Agreement may be executed using facsimile signatures, and in counterparts, with the same effect as if the signatures were original and made on the same instrument. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement. Facsimile or electronic copies of this Agreement shall be deemed for all purposes to have the same force and effect as the original hereof.

8. **Non-Disparagement; Neutral Reference**

   a. Plaintiff agrees not to make any false statement about Defendants or any of the Releasees that is derogatory, disparaging, or defamatory, whether by

4

electronic, written or oral means, to any person (including, but not limited to, the press or other media, or on social media websites).

b. Defendants agree not to make any false statement about Plaintiff that is derogatory, disparaging, or defamatory, whether by electronic, written or oral means, to any person (including, but not limited to, the press or other media, or on social media websites).

c. Should Defendants or their agents, successors or assigns, be contacted regarding an employment reference for Plaintiff, Defendants shall provide a neutral reference, confirming dates of employment, last wage rate, and job title, and shall not disclose the existence of the Action. If Defendants are specifically asked about the Action as part of a request for an employment reference, Defendants will state solely that the matter has been resolved.

9. **Breach; Cure; Enforcement**

a. The Parties agree that the Court will retain jurisdiction of the Action for the sole purpose of enforcing the terms of this Settlement Agreement.

b. In the event of a breach of any provision of this Agreement, the non-breaching Party shall provide written notice to the breaching Party as provided for in Paragraph 15, and the breaching Party shall have seven (7) days from receipt of the written notice to cure the aforementioned breach (the "cure period"). Should Defendants' breach be related to non-payment of the payment, and Defendants cure said breach within the cure period, Plaintiff shall be entitled to a payment of an administrative fee of $100.00 (One Hundred Dollars) (the "Administrative Fee") for the cured payment, which shall be due and payable along with the cured payment. In the event a material breach of this Agreement still exists after the cure period has expired, the non-breaching Party shall be entitled to reasonable costs, reasonable attorneys' fees, and reasonable disbursements required in order to enforce this Agreement, in addition to any other relief a court deems just and proper.

c. Failure to make scheduled payments within the cure period shall constitute a material breach and shall cause all remaining compensation owed by Defendants to Plaintiff and Plaintiff's Counsel under this Agreement to become immediately due and payable, and shall entitle Plaintiff to apply for a default judgment before the United States District Court for the Southern District of New York – or any other court of competent jurisdiction – against any and all Defendants without further notice for the accelerated amount of 170% of the Settlement Sum, less amounts already paid, along with reasonable attorneys' fees incurred in entering and enforcing the judgment, and statutory interest and costs, to be secured by a confession of judgment as specified in Paragraph 9(d). This amount is not a penalty, but reflects the

actual and statutory damages and costs Plaintiff believes he could recover at trial.

d. Defendants agree to execute an affidavit of judgment by confession in conformance with C.P.L.R. § 3218(a), a copy of which is attached as Exhibit B. The affidavit shall be held by Plaintiff's counsel in escrow and may only be released back to Defendants upon written confirmation that the entire settlement sum has been paid. Plaintiff is authorized to file the confession of judgment should Defendants be in material breach of this Agreement. Plaintiff agrees that once all payments set forth in Paragraph 1 of this Agreement have been tendered, Plaintiff will destroy the executed affidavit of judgment by confession and all copies thereof and provide immediate written notice of same to Defendants.

e. Except as otherwise provided herein, the prevailing party in any litigation arising out of the terms of this Agreement or the Parties' performance thereunder shall be entitled to reasonable attorneys' fees, disbursements, and costs, in addition to any other relief a Court deems just and proper.

## 10. **No Retaliation**

Consistent with their legal obligations, neither party shall retaliate against the other for participating in the Action and/or settlement.

## 11. **Entire Agreement**

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties and fully supersedes any and all prior or contemporaneous agreements and understandings between the Parties. There is no other agreement except as stated herein. No other promises or agreements shall be binding or shall modify this Agreement unless signed by Plaintiff and an authorized representative of Defendants hereto, specifically referring to this Agreement and the modification or amending of it. Plaintiff acknowledges that Defendants have made no promises to him other than those contained in this Agreement.

## 12. **Non-Waiver**

No delay or omission by any Party in exercising any rights under this Agreement shall operate as a waiver of that or any other right. A waiver or consent given by a Party on one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion. No provision of this Agreement may be waived except by a written instrument signed by the Party waiving compliance.

13. **<u>Interpretation</u>**

    a.  <u>Construal.</u> Each of the Parties has participated in negotiating and drafting this Settlement Agreement after consulting with, and/or having had the opportunity to consult with, legal counsel. Accordingly, no Party shall maintain that the language of this Settlement Agreement shall be construed in any way by reason of another Party's putative role in drafting any of these documents. Ambiguities shall not be construed against any Party based on any claim about the identity of the drafter of the language.

    b.  <u>Severability</u>. In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement. It is the intention of the Parties that if any term or provision of this Agreement is capable of two constructions, one of which would render the term or provision void and the other of which would render the term or provision valid, then the term or provision shall have the meaning that renders it valid.

    c.  <u>Section Headings</u>. Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

    d.  <u>Recitals</u>. The recitals set forth herein are part of the contractual undertaking of the Parties and shall not be regarded as surplusage.

14. **<u>Representations and Warranties</u>**

    a.  Each of the undersigned warrants that he or she is legally competent and duly authorized by the respective Parties to execute this Settlement Agreement on behalf of such Party.

    b.  Each Party hereby warrants, represents, covenants and acknowledges that he/she/it has been represented by independent legal counsel in connection with the review, negotiation, and execution of this Settlement Agreement. Each Party acknowledges that he/she/it has voluntarily, and upon the advice and approval of his/her/its legal counsel in this matter, read and understood this Settlement Agreement in a language of his/her choosing and all of its terms and conditions and agrees to each and every term and condition herein.

    c.  Plaintiff represents that, other than the Action, Plaintiff has not commenced or asserted any lawsuit, administrative charge or complaint, arbitration, claim or other legal proceeding against any or all of the Releasees in any forum, judicial, quasi-judicial or administrative, that is designed to remedy or

seek redress for any right or rights waived and/or released by this Agreement.

15. **Notices**

Any provision of this Agreement that calls for notice to be sent to Plaintiff or Defendants shall be sent via email and facsimile, messenger, overnight mail, or first class mail, and shall be directed as follows, or to any other address designated in writing:

| Plaintiff: | Defendants: |
|---|---|
| David Stein, Esq. | Michael K. Chong, Esq. |
| Samuel & Stein | Law Offices of Michael K. Chong, LLC |
| 38 West 32nd Street, Suite 1110 | 2 Executive Drive, Suite 240 |
| New York, NY 10001 | Fort Lee, NJ 07024 |
| Fax: (212) 563-9870 | Fax: (201) 708-6676 |
| dstein@samuelandstein.com | mkchong@mkclawgroup.com |

All notices, requests, consents and other communications hereunder shall be deemed to have been received either (i) if by hand, at the time of the delivery thereof to the receiving Party at the address of such Party's counsel set forth above, (ii) if made by facsimile transmission or email, at the time that receipt thereof has been acknowledged by electronic confirmation or otherwise, (iii) if sent by overnight courier, on the next business day following the day such notice is delivered to the courier service, or (iv) if sent by first class, registered or certified mail, on the 5th business day following the day such mailing is made. No other methods of delivery are valid other than those expressly set forth above.

(REST OF PAGE INTENTIONALLY LEFT BLANK;
SIGNATURE PAGE IMMEDIATELY FOLLOWS)

16.     **Signatures**

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

_____
**Soner Deran**
Date: 5/28/2020

**Antalia Turkish Cuisine LLC**              **AntaliaNYC, Inc.**


_____          _____
**By: Serhat Cetinkaya**                      **By: Serhat Cetinkaya**
**Date:_____**                      **Date:_____**



_____
**Serhat Cetinkaya**
**Date:_____**

## 16.   Signatures

THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS
AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF
THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE
CONSIDERATION OF ITS TERMS AND CONDITIONS.

_____

Soner Deran
Date:_____

Antalia Turkish Cuisine LLC

By: Serhat Cetinkaya
Date:____5/29/20

AntaliaNYC, Inc.

By: Serhat Cetinkaya
Date:____5/29/20

Serhat Cetinkaya
Date:____5/29/20

9

## RIDER TO SETTLEMENT AGREEMENT

Compensation to plaintiff and plaintiff's counsel shall be broken down as follows:

| Payee | Total | First Installment | Seven Equal Monthly Installments |
|---|---|---|---|
| Deran, Soner | $32,898.33 | $9,869.52 | $3,289.83 |
| | | | |
| Samuel & Stein | $17,101.67 | $5,130.48 | $1,710.17 |

EXHIBIT A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Soner Deran, on behalf of himself and all other persons similarly situated,<br><br>Plaintiff,<br><br>- vs. –<br><br>Antalia Turkish Cuisine LLC, AntaliaNYC, Inc., and Serhat Cetinkaya,<br><br>Defendants. | DOCKET NO. 19-cv- 6833 (BCM) |

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for Plaintiff Soner Deran ("Plaintiff"), and Defendants Antalia Turkish Cuisine LLC, AntaliaNYC, Inc., and Serhat Cetinkaya ("Defendants"), that all of Plaintiff's claims in the Complaint in the above-captioned action are dismissed, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The Parties further agree that the Court will retain jurisdiction of this matter for the sole purpose of enforcing the Settlement Agreement. Each Party shall bear his/its own costs and attorneys' fees.

Dated: June 1, 2020

**SAMUEL & STEIN**

By: _David Stein_

David Stein

38 West 32nd Street, Suite 1110
New York, NY 10001
(212) 563-9884
Attorneys for Plaintiff

**LAW OFFICES OF MICHAEL K. CHONG, LLC**

By: _Michael K. Chong_

Michael K. Chong

2 Executive Drive, Suite 240
Fort Lee, NJ 07024
(201) 947-5200
Attorneys for Defendants

SO ORDERED:

_____

Hon. Barbara C. Moses, U.S.M.J.

EXHIBIT B

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Soner Deran, on behalf of himself and all other persons similarly situated, | |
| Plaintiff, | DOCKET NO. 19-cv-6833 (BCM) |
| - vs. – | |
| Antalia Turkish Cuisine LLC, AntaliaNYC, Inc., and Serhat Cetinkaya, | **AFFIDAVIT OF CONFESSION OF JUDGMENT** |
| Defendants. | |

State of New York    )
                                ) ss:
County of New York  )

Serhat Cetinkaya, personally and as an officer of Defendants Antalia Turkish Cuisine LLC and AntaliaNYC, Inc., being duly sworn, deposes and states as follows:

1.      I represent that I am an officer and shareholder of Defendants Antalia Turkish Cuisine LLC and AntaliaNYC, Inc., and that I have full authority to sign on behalf of Antalia Turkish Cuisine LLC and AntaliaNYC, Inc., and to legally bind them. I sign this Affidavit of Confession of Judgment both in my individual and corporate capacities, and we are referred to herein as Defendants.

2.      Antalia Turkish Cuisine LLC, AntaliaNYC, Inc., and I all have an actual principal place of business located at 17 West 45th Street, New York, New York.

3.      This Confession of Judgment is for a debt justly due and owing to Plaintiff and/or his attorneys for the settlement of the matter in the United States District Court, Southern District of New York (Docket No.: 19-CV-6833), entitled *Soner Deran, et al. v. Antalia Turkish Cuisine LLC, et al.*

4.      Defendants jointly and severally hereby confess judgment in favor of Plaintiff and/or his attorneys and authorize entry thereof in the amount of $85,000.00 plus reasonable attorneys' fees incurred in entering and enforcing the judgment, and statutory interest and costs, less any monies paid by Defendants pursuant to the Settlement Agreement attached hereto as Exhibit A.

5.      Plaintiff and/or his attorneys shall have the right to enter judgment against the undersigned, jointly and severally, if we are in default pursuant to the Settlement Agreement.

6.     This confession of judgment may be filed in the United States District Court for the Southern District of New York or the courts of the state of New York having jurisdiction over New York County, New York.

7.     This Affidavit may be executed using facsimile signatures with the same effect as if the signatures were original. A copy of our signatures on this Affidavit shall be acceptable in any action against me, Antalia Turkish Cuisine LLC, or AntaliaNYC, Inc. to enter a judgment based on this Affidavit of Confession of Judgment.


Antalia Turkish Cuisine LLC
By: Serhat Cetinkaya

Sworn to before me this
**29** th day of May, 2020


AntaliaNYC, Inc.
By: Serhat Cetinkaya

Sworn to before me this
**29** th day of May, 2020


Serhat Cetinkaya, an individual

Sworn to before me this
**29** th day of May, 2020


LEGRAND MOISE
Notary Public - State of New York
NO. 01MO6372060
Qualified in Nassau County
My Commission Expires Mar 12, 2022